(12 Misc. Rep. 356.)

O'CONNOR v. SCHNEPEL.

(Superior Court of New York City, General Term. May 6, 1895.)

NEGLIGENCE OF CONTRACTOR—LIABILITY OF EMPLOYER.
  A landlord is not liable for injuries to his tenant's son caused by the negligence of a contractor engaged by the landlord to repair the premises.

Appeal from jury term.

Action by Patrick O'Connor, administrator, against Herman Schnepel for damages occasioned by negligence of defendant's contractor. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

It appears that on November 1, 1893, while a chimney on premises owned by the defendant was being repaired by his contractor, soot and other substances came down the chimney and filled the plaintiff's room with quantities of sooty vapor, and by reason of the shock and inhalation of such matter the plaintiff's son, who was ill at the time, died shortly thereafter. It also appears that the defendant was the landlord of the property, that the decedent's father was his tenant at the time of the accident, and that the injuries were sustained while defendant's property was undergoing repairs. The trial judge dismissed the complaint upon the opening of plaintiff's counsel, and from the judgment entered on such dismissal the present appeal is taken.

Argued before SEDGWICK, C. J., and McADAM, J.

L. W. Redington, for appellant.
Jeroloman & Arrowsmith, for respondent.

PER CURIAM. From all that appears on the record, the defendant was not charged with any negligence himself. The complaint

avers that certain servants or employés were engaged in repairing the chimney, and that, through the negligence and carelessness of the said servants or employés while in the pursuit of their employment, great quantities of soot or other substances or matter from said chimney fell with great force down the said chimney or flue into plaintiff's stove, filling his room with said soot, dirt, and smoke, causing flames to burst out from said stove into said room or rooms, in consequence of which the intestate received a great shock, was compelled to inhale great quantities of said soot and of gas, sooty vapor, smoke, and flames; and as a result of such injuries, and of said shock and said inhalation, said intestate died shortly afterwards. The action is not placed upon any duty of defendant as landlord to use diligence to prevent such an accident. If there be such duty, it is not specified in the complaint. On the trial it was admitted that the work done in the chimney was done under a contract with the defendant, and that the negligence which caused the soot to fall was that of the contractor or his servants. This statement shows that the doing of the repairs, if they were not negligently made, could not have involved any liability upon the landlord for the soot. He had a right to think that the work would be done in a proper manner. Under the circumstances, we find no error; and the judgment appealed from must be affirmed, with costs.